# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PETER C. MAUTER, #M24019, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-CV-02100-SMY |
| | ) | |
| M. SIDDIQUI | ) | |
| DR. CALDWELL, | ) | |
| DR. FUENTES, | ) | |
| DR. SHEARING, | ) | |
| JOHN TROST, | ) | |
| WEXFORD STAFF, | ) | |
| MEDICAL STAFF, | ) | |
| DIRECTOR JOHN BALDWIN, | ) | |
| JACQUELINE LASHBROOK, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Peter Mauter, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this *pro se* action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges that when he was incarcerated at Menard Correctional Center ("Menard"), Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. He requests monetary damages and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests

money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint: When Plaintiff entered Menard in November 2011, he had chronic lower back pain. (Doc. 1, p. 14). Plaintiff requested medical attention for the low back pain. (Doc. 1, pp. 14-15). In early 2012, Plaintiff was prescribed naproxen 500 mg daily for the pain. (Doc. 1, p. 15). This treatment continued for five years. *Id*. During that time, Plaintiff requested magnetic resonance imaging ("MRI") on multiple occasions to find out if his condition could be treated by surgery. (Doc. 1, pp. 14-15). Those requests were denied by medical directors Dr. Fuentes, Dr. Shearing, Dr. Trost, and Dr. Siddiqui. *Id*. Plaintiff was not offered any other treatment and was not informed of the adverse effects of long-term use of naproxen. (Doc. 1, pp. 14-17).

During a sick call with Dr. Caldwell in October 2017, Plaintiff requested a blood test because his back pain had increased in the last six months, he had been "extremely ill," and he was concerned about prostate cancer. (Doc. 1, p. 15). On November 19, 2017, Dr. Caldwell told Plaintiff that the blood test showed "kidney failure." *Id.* Additional testing showed Plaintiff had "mild to moderate kidney disease." (Doc. 1, p. 18). Also during the November 19, 2017 visit, Plaintiff learned that his recent x-rays showed "significant degenerative disc disease" that had "further progressed since the prior examination." (Doc. 1, pp. 15, 17). Plaintiff had not received treatment for the back pain, other than naproxen, and was not aware of that diagnosis or the extent

of his condition. (Doc. 1, pp. 14-17). Instead, he had been repeatedly told he was "old," and the back pain was "only arthritis." (Doc. 1, p. 15). Dr. Caldwell told Plaintiff he was recommending a MRI based on the findings in the recent x-rays and would refer him to see Dr. Siddiqui. (Doc. 1, p. 15). Dr. Siddiqui denied the request for MRI. (Doc. 1, p. 17).

Plaintiff saw Dr. Siddiqui in January 2018 following another blood test that confirmed kidney damage. (Doc. 1, p. 18). At that time, Plaintiff made a request to see an "outside" doctor who is a "kidney specialist." *Id.* The request was submitted and denied by Wexford. *Id.* Arrangements were made for Plaintiff to treat with "Wexford's renal failure doctor." *Id.* Plaintiff visited with that physician via video telemedicine on March 14, 2018 and May 31, 2018. *Id.* At the second visit, the physician told him there was a "reasonable probability" that taking naproxen for such a long period caused the kidney damage and advised him to return if he had any kidney related issues. (Doc. 1, p. 19).

Based on the allegations of the Complaint, the Court finds it convenient to designate the following Counts in this *pro se* action. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these Counts does not constitute an opinion regarding their merit.

> **Count 1:** Eighth Amendment claim against Fuentes, Shearing, Trost, Caldwell, and Siddiqui for deliberate indifference to Plaintiff's serious medical needs relating to treatment of chronic low back pain and degenerative disc disease.
>
> **Count 2:** Fourteenth Amendment claim against unspecified defendants for failing to provide Plaintiff with information about long-term use of naproxen.
.

Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

**Preliminary Dismissals**

Plaintiff identified "Wexford Staff" and "Medical Staff" as defendants. They are not proper defendants. Plaintiff must identify an individual (not block groups of individuals) who deprived him of his constitutional rights. A plaintiff is required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the Complaint. *See Twombly*, 550 U.S. at 555; Fed. R. Civ. P. 8(a)(2). Where a plaintiff has not included a specific defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the Complaint, if any, are directed against him. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Accordingly, "Wexford Staff" and "Medical Staff" will be dismissed with prejudice, though this dismissal will be without prejudice to Plaintiff naming and bringing a claim against individual medical staff and/or Wexford staff members.

Plaintiff named John Baldwin, Director of IDOC and Warden Lashbrook as Defendants but makes no allegations against either in the body of the Complaint. There is no suggestion that Baldwin or Lashbrook is personally responsible for allegedly violating Plaintiff's constitutional rights, and they cannot be held liable based solely on their positions as administrators as the doctrine of *respondeat superior* does not apply to section 1983 actions. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (2001). Accordingly, any claims against Baldwin and Lashbrook will be dismissed without prejudice.

**Discussion**

*Count 1*

Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*,

429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). To state a claim for deliberate indifference, an inmate must show that (1) he suffered from an objectively serious medical condition; and (2) defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016).

The allegations in Count 1 do not adequately plead the subjective component of deliberate indifference against Fuentes, Shearing, and Trost. Plaintiff claims that as medical directors at Menard, these defendants denied his repeated requests for a MRI. This allegation, standing alone, states no claim. *Forbes v. Edgar*, 112 F.3d 262, 266-67 (7th Cir. 1997) (Eighth Amendment does not entitle an inmate to demand specific care or the best care possible). Plaintiff alleges that the denials of Plaintiff's requests for a MRI amount to deliberate indifference because "staff" knew of his medical history, knew he had degenerative disc disease, knew he had constant pain but persisted in a course of treatment that was known to be ineffective. But Plaintiff's allegations with respect to "staff" are insufficient to state a claim for deliberate indifference by Fuentes, Shearing, or Trost as medical directors. *See Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008) (there is no respondeat superior liability for claims under section 1983); *Garvin v. Armstrong*, 236 F.3d 896, 898-99 (7th Cir. 2001) (medical director cannot be held vicariously liable for actions of nursing staff). Accordingly, Fuentes, Shearing, and Trost will be dismissed without prejudice.

The Complaint also fails to state a viable deliberate indifference claim as to Caldwell. According to the Complaint, Caldwell responded to Plaintiff's medical needs by performing appropriate medical tests and referring Plaintiff for further treatment. These actions do not suggest deliberate indifference. Therefore, Caldwell will be dismissed without prejudice.

Plaintiff's claim against Siddiqui, however, shall receive further review. Plaintiff alleges Siddiqui was aware of Plaintiff's chronic low back pain and degenerative disc disease but denied

5

meaningful treatment and his requests for a MRI. These allegations are sufficient to state a deliberate indifference claim against Siddiqui in his individual capacity. However, the claim asserted against Siddiqui in his official capacity will be dismissed without prejudice. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (an individual in his official capacity is not a person for purposes of section 1983).

*Count 2*

Plaintiff alleges the "Medical Staff" failed to warn him that naproxen could cause kidney damage. These allegations are akin to the "informed consent" theory of liability recognized by the Second Circuit Court of Appeals in *Pabon v. Wright*, 459 F.3d 241 (2d Cir. 2006). The Seventh Circuit has also recognized this theory of liability for deliberate indifference claims. *See Phillips v. Wexford Health Sources, Inc.*, 522 F. App'x 364, 367 (7th Cir. 2013); *Cox v. Brubaker*, 558 F. App'x 677, 678–79 (7th Cir. 2014). Thus, Plaintiff may have a viable Fourteenth Amendment claim for lack of informed consent against one or more officials at Menard. Nevertheless, Count 2 is subject to dismissal because Plaintiff does not identify anyone who was personally deliberately indifferent beyond the "Medical Staff" listed as a defendant in the case caption. As previously discussed, Plaintiff must identify a particular defendant, even in generic terms (e.g., "John/Jane Doe"), who deprived him of his constitutional rights. Accordingly, Count 2 will be dismissed without prejudice.

**Request for Injunctive Relief**

Plaintiff requests injunctive relief in the Complaint and seeks an Order that he "be allowed to see an outside kidney specialist." (Doc. 1, p. 22). The relief Plaintiff seeks is likely unavailable to him in this action. All of his claims pertain to the denial of medical care at Menard, but he was transferred to Lawrence in October 2018. (Doc. 1, p. 14). When an inmate is transferred to another

prison, his request for injunctive relief against officials at the first prison is generally moot, unless "he can demonstrate that he is likely to be retransferred" back to the prison. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (citation omitted); *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011). Plaintiff has made no such showing.

If Plaintiff believes that he is not receiving adequate medical care at the facility where he is currently housed, he must file a new lawsuit naming as defendants the individuals at that facility who are responsible for providing him with care. Plaintiff may then file a Rule 65 motion for a temporary restraining order and/or preliminary injunction in that action, if he believes that the requirements for obtaining such relief have been met.

**Pending Motions**

*Motion for Recruitment of Counsel*

Plaintiff filed a Motion for Recruitment of Counsel (Doc. 3), which will be denied[1] without prejudice. Plaintiff discloses unsuccessful efforts to contact attorneys via written correspondence. Accordingly, he appears to have made reasonable efforts to retain counsel on his own. With respect to his ability to pursue this action *pro se*, Plaintiff indicates he does not have the legal skills required to represent himself. The Court finds Plaintiff can proceed *pro se*, at least for now. Plaintiff's pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. Plaintiff appears competent to try this matter without representation at this time. Once discovery has commenced, if Plaintiff has significant difficulty, he may refile his motion.

*Motion for Service at Government Expense*

Plaintiff's Motion for Service at Government Expense (Doc. 4) will be denied as moot. Summons will be issued and served on Defendants as ordered below. Plaintiff is advised that it is

---

[1] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

not necessary for a litigant proceeding *in forma pauperis* to file a motion requesting service of process by the United States Marshal Service or other process server. The Clerk will issue summons and the Court will direct service for any Complaint that passes preliminary review.

## Disposition

**IT IS HEREBY ORDERED** that the Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice, and the Motion for Service of Process at Government Expense (Doc. 4) is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that Defendants **WEXFORD STAFF** and **MEDICAL STAFF** are **DISMISSED with prejudice**, and Defendants **BALDWIN** and **LASHBROOK** are **DISMISSED without prejudice.** The Clerk of the Court is **DIRECTED** to terminate these defendants as parties in the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

**IT IS FURTHER ORDERED** that **COUNT 1** shall receive further review as to **SIDDIQUI** in his individual capacity only. **COUNT 1** is **DISMISSED** without prejudice as to **FUENTES, SHEARING**, **TROST** and **CALDWELL**. The Clerk of the Court is **DIRECTED** to terminate **FUENTES, SHEARING**, **TROST** and **CALDWELL** as parties in CM/ECF.

**IT IS FURTHER ORDERED** that **COUNT 2** is dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **SIDDIQUI** in his individual capacity: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take

8

appropriate steps to effect formal service Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff files a Complaint. *See* 28 U.S.C. § 1915(b)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 11, 2019**

<u>**s/ Staci M. Yandle**</u>
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate Defendant of your lawsuit and serve that Defendant with a copy of your Complaint. After service has been achieved, Defendant will enter his appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When Defendant has filed his Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**