IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PETER C. MAUTER, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    Case No.   18-cv-2100-RJD |
| | ) |
| MOHAMMED SIDDIQUI, et al., | ) |
| | ) |
|    Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Objection to the Report and Recommendation, construed by the Court as a Motion to Reconsider[1] (Doc. 71). For the reasons set forth below, the Motion is **DENIED**.

**Background**

Plaintiff Peter Mauter, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit on November 20, 2018 pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). In his complaint, Plaintiff alleges he was provided inadequate medical treatment for his medical conditions, including lower back pain. Plaintiff filed a First Amended Complaint on March 8, 2019 that was screened pursuant to 28 U.S.C. § 1915A. Plaintiff was allowed to proceed on the following claims:

> Count One:    Eighth Amendment claim against Siddiqui, Trost, Ritz, and Wexford for deliberate indifference to Plaintiff's serious medical needs relating to

---

[1] All parties consented to the jurisdiction of the undersigned and this matter was referred for all proceedings on November 22, 2019 (*see* Doc. 56). Accordingly, no report and recommendation was entered and the filing in which Plaintiff takes issue was an order entered by the undersigned.

Page **1** of **5**

    degenerative spine disease.

Count Two: Eighth Amendment claim against Siddiqui, Trost, Ritz, and Wexford for deliberate indifference to the risk of substantial harm caused by long-term use of Naprosyn and in failing to monitor Plaintiff for the harm caused by long-term use.

Defendants filed a motion for summary judgment on the issue of exhaustion of administrative remedies that was granted on February 12, 2020 (Doc. 69). This case was dismissed without prejudice pursuant to that Order. In the Order, the undersigned found that the grievance relied on by Plaintiff to demonstrate exhaustion of his administrative remedies was not timely appealed to the Administrative Review Board ("ARB"). The relevant grievance, dated November 28, 2017, was signed and dated by the Chief Administrative Officer ("CAO") on February 16, 2018. Pursuant to the Administrative Code, this grievance must have been received by the ARB within 30 days (by March 18, 2020) to be considered timely. The ARB did not receive this grievance until April 17, 2018, and as a result, it was returned to Plaintiff without a decision on the merits due to being submitted beyond the allowable timeframe.

## **Legal Standard**

Although Plaintiff captions his motion as an objection to a report and recommendation, the Court construes it as a motion to reconsider under either Rule 59 or 60 of the Federal Rules of Civil Procedure.

Rule 59(e) provides a basis for relief where a party challenges the Court's application of the law to the facts of the case. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174-76 (1989) (concluding that Rule 59(e) was intended to apply to the reconsideration of matters encompassed within the merits of a judgment). While Rule 59(e) permits a district court to exercise its discretion to correct its own errors, sparing the time and expense of further proceedings at the

appellate level, *Divane v. Krull Elec. Co. Inc.*, 194 F.3d 845, 848 (7th Cir. 1999), "ill-founded requests for reconsideration of issues previously decided … needlessly take the court's attention from current matters." *Berger v. Xerox Ret. Income Guar. Plan*, 231 F.Supp.2d 804, 820 (S.D. Ill. 2002). Typically, Rule 59(e) motions are granted upon a showing of either newly discovered evidence not previously available or evidence in the record that clearly establishes a manifest error of law or fact. *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-12 (7th Cir. 2007); *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001). "[M]anifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted). A proper motion to reconsider does more than take umbrage and restate the arguments that were initially rejected during the summary judgment phase. *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006); *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004); *Oto*, 224 F.3d at 606.

Rule 60(b) contains a more exacting standard than Rule 59(e), although it permits relief from a judgment for a number of reasons including mistake, fraud, misrepresentation, or misconduct by an opposing party, or "any other reason that justifies relief." FED. R. CIV. P. 60(b). In contrast to Rule 59(e), however, legal error is not an appropriate ground for relief under Rule 60(b). *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002) ("A contention that the judge erred with respect to the materials in the record is not within Rule 60(b)'s scope, else it would be impossible to enforce time limits for appeal."). Relief under Rule 60(b) is an extraordinary remedy and is only granted in exceptional circumstances. *United States v. 8136 S. Dobson St., Chicago Ill.*, 125 F.3d 1076, 1082 (7th Cir. 1997).

**Discussion**

In the motion now before the Court, Plaintiff asks that its decision be reconsidered due to the Court's failure to consider certain evidence. First, Plaintiff asserts Defendants admitted the ARB reviewed and responded to his November 28, 2017 grievance on February 16, 2018, citing Defendants' brief in support of their motion for summary judgment. The Court acknowledges that Defendants indicated that the ARB responded to this grievance on February 16, 2018 in their brief, but, at the hearing, counsel explained that this statement was made in error. More importantly, it is belied by the evidentiary record. The documents obtained from the ARB clearly indicate that the grievance was received on April 17, 2018 (*see* Doc. 46-1 at 16). Although the Court recognizes that some confusion may stem from Defendants' error in their briefing, this was addressed at the hearing on their motion and is not cause for reconsideration or amendment of the Court's order pursuant to either Rule 59 or Rule 60.

Next, Plaintiff urges the Court to reconsider because there has not been any explanation given by Defendants for the "received" stamp dated March 7, 2018 on this grievance. Plaintiff asserts that this stamp was from the records office, but he fails to provide any evidence to support this claim. The Court referenced this issue in its Order and it was addressed by Kelly Pierce at the hearing. Ms. Pierce testified that if Plaintiff had resubmitted this grievance to the Grievance Office in March 2018 it would have been stamped as received, but promptly returned because it had already been addressed. The Court found this is likely what occurred. Plaintiff's position that the records office stamped this grievance as received on March 7, 2018 has no bearing on the finding that the institution properly addressed this grievance, but Plaintiff was delayed in appealing the institutional decision to the ARB. Plaintiff's argument as to this point does not present any cause for reconsideration under Rules 59 or 60.

Finally, Plaintiff's complaint that the counselor, grievance officer, CAO, or ARB are not qualified to determine whether he received adequate medical care is not relevant to whether he exhausted his administrative remedies and certainly not grounds for reconsideration.

## Conclusion

Based on the foregoing, Plaintiff's Objection to the Report and Recommendation, construed by the Court as a Motion to Reconsider (Doc. 71) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: August 11, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**